**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN GARCIA OLIVER, | ) No. C 09-5403 MMC (PR) |
| Plaintiff, | ) **ORDER OF DISMISSAL WITH** |
| v. | ) **LEAVE TO AMEND** |
| LAKE COUNTY JAIL, et al., | ) |
| Defendants. | ) |
| _____ | ) |

On November 17, 2009, plaintiff, a California prisoner incarcerated at the Lake County Jail and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See</u> <u>id.</u> § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v.</u>

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claim

Plaintiff alleges that officials at the Lake County Jail are denying him access to magazines, in violation of the jail's regulatory standards.  Plaintiff seeks injunctive relief.

The complaint is subject to dismissal because plaintiff has failed to state a claim for relief under § 1983.  Specifically, plaintiff's allegation that he is being denied magazines in violation of jail regulations is not sufficient to state a § 1983 claim for relief because an essential element of such claim, as noted, is the violation of a federal constitutional or statutory right.

Further, the complaint is subject to dismissal because plaintiff has failed to provide sufficient information for the Court to determine whether a cognizable claim for relief can be stated against any defendant.  In particular, while plaintiff asserts that certain acting sergeants and unnamed correctional officers "played a role" and "participated" in the denial of plaintiff's magazines, he has not directly linked any of the defendants to his claims, nor provided facts with respect to the date on which the injuries occurred or the surrounding circumstances.  Further, plaintiff has identified as defendants "all correctional officers Does I though XX."  (Compl. at 3:15).  The use of Doe defendants, however, is not favored in the Ninth Circuit.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Consequently, before plaintiff can proceed with his complaint he must identify all defendants named therein.

Based on the above, the complaint will be dismissed.  In view of plaintiff's prisoner pro se status, however, he may file an amended complaint if he can in good faith allege a violation that is cognizable under § 1983 and facts, subject to proof, that cure the pleading deficiencies noted above.

2

**CONCLUSION**

For the reasons stated above, the complaint is hereby DISMISSED with leave to amend. Within **thirty (30)** days of the date this Order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, a copy of which is provided herewith, in order to cure the deficiencies noted above. Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 09-5403 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: April 19, 2010

_____
MAXINE M. CHESNEY
United States District Judge